**Karen DUMONT**

v.

**COMMISSIONER, DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Argued March 6, 1991.
Decided April 18, 1991.

Frank D'Alessandro (orally), Pine Tree Legal Assistance, Inc., Presque Isle, for plaintiff.

Michael E. Carpenter, Atty. Gen. and Marina Thibeau (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

WATHEN, Justice.

Plaintiff Karen Dumont appeals a judgment of the Superior Court (Aroostook County, *Pierson J.*) affirming the denial of her application for assistance under AS-PIRE, an education and training program for AFDC recipients. She contends that the Department of Human Services ("the Department") improperly considered her receipt of a federal education grant in denying her request for assistance with tuition, books, and supplies. We agree and vacate the judgment.

Plaintiff receives AFDC[1] benefits and participates in ASPIRE[2]. In 1989, she entered into an individual opportunity service contract reflecting her education and employment goals and applied for assistance in obtaining an associate's degree as a medical secretary at Northern Maine Vocational Technical Institute ("NMVTI"). The reason stated for the denial of her initial request for tuition, books, and supplies was a lack of funds. At that time, however, both she and the Department's service provider contemplated that she would eventually receive financial aid in an unknown amount. After NMVTI processed her application for financial aid, a Pell Grant in the amount of $1,150 for each of the fall and spring semesters was awarded. The grant was premised on a projected total need of $7,203 for the entire school year, and included the following components: room, board, and other—$5,400; tuition and fees—$1,303; books and supplies—$500. Plaintiff reported her Pell Grant to the ASPIRE service provider and, once again, applied for money to cover tuition, books, and supplies. On this occasion, her request was denied on the ground that "Pell will cover this cost." Plaintiff appealed the denial of her application within the Department. A fair hearing officer ruled that the Pell Grant was more than sufficient to cover the estimated cost of tuition, books, and supplies and declined to consider other expenses that were included in the calculation of the grant. After appealing to the Superior Court, which affirmed the Department's ruling, plaintiff brought the present appeal.

Plaintiff contends, as she has throughout these proceedings, that provisions of both the Higher Education Act and the AFDC

---

1. The Aid to Families with Dependent Children program is a cooperative federal-state program providing benefits to needy dependent children and their families. Although administered by the State, 22 M.R.S.A. §§ 3741–3760–C (Supp. 1990), it must conform to federal law in order to be eligible for federal reimbursement.

2. The Additional Support for People in Retraining and Education Program provides overall coordination of employment programs for AFDC and Food Stamp recipients. 22 M.R.S.A. §§ 3781–3789–A (Supp.1990). The Department is responsible for the administration of ASPIRE and contracts with the Department of Labor, as well as with private, non-profit agencies, to provide services to ASPIRE participants. *Id.* § 3781(1). The Department's operation of the ASPIRE program meets the federal requirement that it provide a work incentive program for certain AFDC recipients. 42 U.S.C. §§ 630–645 (1983). The law controlling this case has since been substantially revised as of October 1, 1990. *See* Pub.L. No. 100–485, Title II, §§ 201(a), 204, 102 Stat. 2356, 2381 (Oct. 13, 1988) (codified as amended at 42 U.S.C. § 602(a)(19) (Supp.1990)).

program prohibit the Department from considering her receipt of a Pell Grant in determining her eligibility for assistance under ASPIRE. Moreover, plaintiff asserts that the potential duplication of benefits relied on by the Department in rejecting her claim results solely from the Department's improper allocation of the entire Pell Grant to tuition, books, and supplies. Considering only the manner in which the Pell Grant was allocated, we find that DHS erred.

At issue in this case is the interplay between the AFDC program and the Higher Education Act. The AFDC regulations applicable to the present case permit states to add certain special needs items to the basic standard. 45 C.F.R. § 233.20(a)(2)(v)(1988). A state incorporates such items into its state plan and describes the circumstances in which the items will be made available. The regulations require that the state plan be submitted to the regional office of the U.S. Department of Health and Human Services for approval. *Id.* § 201.3. Acting in accord with this procedure, Maine included the costs of "tuition, books and fees not covered by other educational loans, grants and scholarships" in the list of special needs in its state plan. The plan was approved, and the ASPIRE program received funds from the federal AFDC special needs account designed to encourage AFDC recipients to become employable by undertaking education and retraining. 42 U.S.C.A. §§ 630–645 (1983); 22 M.R.S.A. §§ 3781–3789–A (Supp.1990).

Under the Higher Education Act, 20 U.S.C.A. §§ 1001–1146a (1990), participating institutions, in this case NMVTI, determine the financial need of an eligible student based on their available income and fix the level of assistance. The Pell Grant, so-called, is a basic educational opportunity grant awarded under the Act and is designed to provide 60% of a student's cost of attendance. *Id.* §§ 1070a(b)(1), 1070a(b)(3). For the purposes of the grant program, attendance costs are defined as tuition, fees, an allowance for room and board costs, books, supplies, transportation, and "miscellaneous expenses incurred by the student which shall not exceed $2300", and "an allowance for child care which shall not exceed $1000." *Id.* § 1070a–6(5).

In order to ensure that federal educational assistance funds serve their intended purpose, the Higher Education Act includes the following general provision: "The portion of any student financial assistance received under this subchapter ... [including Pell Grants] that is made available for attendance costs described in subsection (b) shall not be considered as income or resources in determining eligibility for assistance under any other program funded in whole or part with federal funds." *Id.* § 1087uu(a). Subsection (b) defines attendance costs as tuition and fees, together with an allowance for books, supplies, transportation, and miscellaneous personal expenses "as determined by the institution." *Id.* § 1087uu(b).

Faced with the confluence of AFDC law and the Higher Education Act, the Department seeks to justify its denial of assistance. It does so by first allocating the Pell Grant exclusively to tuition, books, and supplies. It then argues that section 1087uu does not preclude grant funds from being considered as a resource if the requested assistance would otherwise result in a duplication of the elements of attendance cost referred to in that section.[3] Even if this were a correct reading of section 1087uu, the argument fails because the record before us does not suggest that the

---

**3.** The Department suggests that the statute implicitly provides that, where student financial aid provides a duplication of benefits for room, board, and child care, such aid may be counted as income or a resource in determining eligibility for a general welfare program. Having divined that Congress intended to avoid any duplication of benefits, the Department argues it would be illogical to prohibit consideration of a Pell Grant in determining an ASPIRE partici-

pant's need for tuition, books, and supplies. Our decision on the Department's argument must await a case in which it is established that Pell Grant funds have been "made available for attendance costs." We note that AFDC regulations require that an educational grant be disregarded for purposes of determining eligibility and the amount of the general assistance payment. 45 C.F.R. § 233.20(a)(3)(iv) (1988).

Pell Grant is allocated to any specific element of the attendance costs defined in section 1070a–6(5). The Pell Grant is designed to address a number of items in addition to tuition, books, and supplies.[4] In this case, the grant was awarded after plaintiff's total need was estimated to be in the amount of $7,203. The grant reflected plaintiff's receipt of AFDC benefits and, even if she had been given the additional assistance she requested from the ASPIRE program, it does not appear that her total receipts would have exceeded her total estimated need.[5] Had the Department allocated the Pell Grant ratably to the items included in her estimate of need, or had it allocated the entire grant to room, board and child care, it would have been compelled to conclude that plaintiff's tuition, books, and supplies were not covered by the grant. In short, DHS is without authority to allocate unilaterally and arbitrarily the funds received by plaintiff under the Higher Education Act in such a manner as to negate its obligations under the approved state plan for the ASPIRE program.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

4. The regulations permit the grant to be disbursed by paying the student by check or by crediting the student's institutional account. 34 C.F.R. § 690.78 (1990); *see* 20 U.S.C.A. § 1070a(e).

5. The regulations provide for recalculating a grant, 34 C.F.R. § 690.80 (1990), and require the student to repay any overpayment. *Id.* § 690.79.